IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERTSON, | § | CIVIL ACTION NO. 4:11-cv-04299 |
| | § | |
| *Plaintiff*, | § | **HON. VANESSA D. GILMORE** |
| | § | Judge |
| V. | § | |
| | § | Esthela Mares |
| WILLIAMS-SONOMA STORES, INC. | § | Case Manager |
| AND WILLIAMS-SONOMA, INC., | § | |
| | § | _____ |
| *Defendants*. | § | Court Reporter |
| | § | |
| | | Civil Trial |
| | | PROCEEDING |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Williams-Sonoma Stores, Inc. and Williams-Sonoma, Inc. (collectively, "Williams-Sonoma") file this Motion for Judgment as a Matter of Law, and state as follows:

**A.      Plaintiff Has Not Established That Her Age Played Any Role In Her Termination.**

Plaintiff asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 et seq.  Under the ADEA, it is "unlawful for an employer … to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1).  To prevail on an ADEA claim, a plaintiff must establish by a preponderance of the evidence that age was the "but-for" cause of his or her termination.  *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177 (2009); *see also Peterson v. Bell Helicopter Textron, Inc.*, 2012 U.S. Dist. LEXIS 143239 (N.D. Tex. Oct. 3, 2012) ("After *Gross*, disparate treatment

claims under the ADEA will fail when the employer's decision was motivated by both impermissible and permissible factors.") (internal quotations marks and punctuation omitted).

The TCHRA similarly prohibits age discrimination in employment. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 475 (Tex. 2001). However, to establish liability under the TCHRA, a plaintiff need only show that age was a "motivating factor" in the termination decision. *Id*. at 479.

Here, Plaintiff has not shown that her age played any part whatsoever in Williams-Sonoma's decision to terminate her employment. The **only** evidence Plaintiff has proffered in support of her age claims is two stray comments allegedly made by Natalie Spangler and Jeff Van Antwerp. These comments are insufficient to establish age discrimination as a matter of law.

Plaintiff's former manager, Brian Baldwin, testified that in late 2010, Ms. Spangler used the word "old" once – and only once – in the context of discussions about Mrs. Robertson's ability to improve her performance. Mr. Baldwin's testimony was very clear that he never heard Ms. Spangler make any other age-related comments regarding Plaintiff or anyone else. (Deposition of Brian Baldwin ("Baldwin Depo."), p. 89:18-22). Ms. Spangler vehemently denied making this comment, and no other witness in this case – including Plaintiff – ever heard Ms. Spangler make any age-related comments or saw anything that led them to believe Ms. Spangler treated older employees differently.

In the Fifth Circuit, a single age-related comment, whether made by a supervisor or not, is considered a "stray remark" and is not sufficient to establish age discrimination. *Waggoner v. Garland*, 987 F.2d 1160 (5th Cir. 1993) (upholding summary judgment in favor of employer in age discrimination case on ground that age-related comments made by the

individual who terminated plaintiff, including that plaintiff was "an old fart" and that younger employees could do better and faster work, were merely "stray remarks"); *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 656 (5th Cir. 1996) (upholding summary judgment in favor of employer in age discrimination case because legitimate, non-discriminatory reasons for termination were not outweighed by age related comments, such as "old goat" and "you just can't remember, you're getting too old," made close in time to the termination and by the individual who terminated plaintiff). Here, the disputed comment by Ms. Spangler – a single word uttered only once – is certainly no more indicative of bias than the comments in *Waggoner* or *Brown*, particularly when viewed in light of the fact that Ms. Spangler did not make the termination decision herself. Rather, the evidence shows that the termination decision was made by four individuals: Natalie Spangler, Lynn Terna, Susan Mancuso and Deena Baker. There is no evidence even suggesting that Ms. Terna, Ms. Mancuso or Ms. Baker ever made any age-related comments.

  Notably, not even Mr. Baldwin believes that Ms. Spangler wanted to terminate Plaintiff because of her age. Rather, he believed it was because Plaintiff had a "shitty personality." (Baldwin Depo. pp. 56:10-14, 58:11-59:11, 91: 2-19.) In fact, Mr. Baldwin testified that he would have terminated Plaintiff himself, and that she was a "pain in the ass." A "personality conflict" is a perfectly legitimate reason to terminate an employee. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("personality conflicts at work … are not actionable"); *Reed v. Neopost United States, Inc.*, 701 F.3d 434 (5th Cir. Tex. 2012) ("The TCHRA does not protect an employee against unfair business decisions, only discriminatory ones.").

  Plaintiff also claims that Mr. Van Antwerp made a single comment she interpreted as age-related in 2007 – **four years** before Plaintiff's termination. This alleged

comment is even less probative than Ms. Spangler's. Allegedly discriminatory comments are irrelevant unless they are "proximate in time to the termination[]." *Brown*, 82 F.3d at 655 ("Comments that are 'vague and remote in time' are insufficient to establish discrimination."). Moreover, there is no evidence that Mr. Van Antwerp was involved in the decision to terminate Plaintiff. Simply put, there is no causal connection between Mr. Van Antwerp's alleged comment and Plaintiff's termination. Indeed, even Plaintiff did not consider Mr. Van Antwerp's alleged comments "discriminatory" – there is no evidence that she ever complained to Human Resources or Mr. Van Antwerp's supervisor about them. Mr. Van Antwerp's alleged comment cannot support Plaintiff's age discrimination claims as a matter of law.

The evidence does not support Plaintiff's claims.

B. **Plaintiff Has Not Proffered Evidence Sufficient To Support Her Punative Damages Claims.**

Plaintiff may not recover emotional distress or punitive damages under the ADEA. Instead, she may recover liquidated damages – a doubling of the back-pay award – if the jury determines there was a "willful" violation. "A violation of the ADEA is willful if the employer knew or showed reckless disregard for whether its conduct was prohibited by the ADEA." *Smith v. Berry Co.*, 165 F.3d 390, 395 (5th Cir. 1999) (*citing Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985). "The Supreme Court has held that liquidated damages are a punitive sanction and should be reserved for the most egregious violations of the ADEA." *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1470 (5th Cir.), cert. denied, 493 U.S. 842 (1989) (citing *Trans World*, 469 U.S. at 125).

Here, Plaintiff produced no evidence that Williams-Sonoma, as a company, knew or showed reckless disregard that its conduct violated the ADEA. Plaintiff produced no evidence of any "egregious" conduct. The evidence shows that Plaintiff's performance deficiencies were

well documented by numerous different managers – including Ms. Mancuso, Mr. Van Antwerp, Ms. Spangler, Mr. Baldwin, and Ms. Terna.  Only one of those managers, Ms. Spangler, is accused of any age bias.  Accordingly, Plaintiff should not be awarded liquidated damages under the ADEA.

Finally, under the TCHRA, Plaintiff may only recover punitive damages if, and only if, she can show by clear and convincing evidence that Williams-Sonoma violated the law "with malice or with reckless indifference" to her rights.  *Id.* at § 21.2585(b); *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 665 (Tex. 2012).  Here, Plaintiff has not produced any evidence, much less clear and convincing evidence, of malice or reckless indifference towards her rights.  Williams-Sonoma followed normal business procedures in terminating Plaintiff, including ensuring multiple layers of review and involving Human Resources.

In short, even if the Court determines that Plaintiff has cleared the minimum hurdle for her age claims to survive, there certainly is no evidence of the sort of wrongdoing that warrants punitive damages.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, it is clear that no genuine issues of material fact remain between Plaintiff and Williams-Sonoma.  Judgment as a matter of law is therefore appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendants Williams-Sonoma Stores, Inc. and Williams-Sonoma, Inc. respectfully pray that (1) this Court grant Judgment in favor of Williams-Sonoma and against Plaintiff, (2) this Court enter an order stating that Plaintiff shall not recover anything against Williams-Sonoma, and (3) Williams-Sonoma be granted all other relief in law and/or equity to which it may show it is justly entitled.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: s/ Tracey A. Kennedy
Tracey A. Kennedy
Texas USDC No. 1609572
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: (213) 617-1780
Facsimile: (213) 620-1398
Email: tkennedy@sheppardmullin.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS,
WILLIAMS-SONOMA, INC. AND
WILLIAMS-SONOMA STORES, INC.

OF COUNSEL:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: (213) 617-1780
Facsimile: (213) 620-1398
ATTORNEYS FOR DEFENDANTS,
WILLIAMS-SONOMA, INC. AND
WILLIAMS-SONOMA STORES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Southern District of Texas ECF method on the 14th day of February 2013.

| | |
|---|---|
| Mark J. Oberti<br>Oberti Sullivan LLP<br>723 Main Street, Suite 340<br>Houston, TX 77002<br>(713) 401-3555 — Telephone<br>(713) 401-3547 — Facsimile<br>Email: mark@osattorneys.com | Attorneys for Plaintiff,<br>Nancy Robertson |
| Christopher Lynn Ashby<br>Ashby LLP<br>1010 Lamar Street, Suite 1200<br>Houston, TX 77002<br>(713) 739-1100 — Telephone<br>(713) 739-1101 — Facsimile<br>Email: kitashby@ashby-llp.com | Attorneys for Defendants,<br>Williams-Sonoma, Inc.<br>Williams-Sonoma Stores, Inc. |

                                              *sl* Tracey A. Kennedy
                                                  Tracey A. Kennedy