IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERTSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| versus | § | CIVIL ACTION NO. H-11-4299 |
| | § | |
| WILLIAMS-SONOMA STORES, INC. | § | |
| AND WILLIAMS-SONOMA, INC., | § | |
| | § | |
| *Defendants.* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In this case, the plaintiff must prove every essential aspect of her claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true. In deciding whether any fact has been proved by

a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he gave at the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and

common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS

Plaintiff Nancy Robertson claims she was terminated from her management position at the Pottery Barn store because of her age in violation of the federal Age Discrimination in Employment Act, or ADEA. Williams-Sonoma denies Plaintiff's claims and contends that Plaintiff was terminated based on her poor job performance.

It is unlawful under federal law for an employer to discriminate against an employee because of the employee's age.

3

To prove discrimination under the ADEA, Plaintiff must prove by a preponderance of the evidence that:

(a) She was terminated;

(b) She was 40 years old or older at the time she was terminated; and

(c) Williams-Sonoma terminated Plaintiff because of her age.

Plaintiff does not have to prove that discrimination is the only reason Williams-Sonoma terminated Plaintiff's employment. However, she must prove that "but for" her age, Williams-Sonoma would not have terminated her when it did.

If you disbelieve the reason(s) Williams-Sonoma has given for Plaintiff's termination, you may infer that Williams-Sonoma's termination of Plaintiff's employment was because of her age.

It is not unlawful if Williams-Sonoma proves that it discharged Robertson based on reasonable factors other than age. It is not unlawful if Williams-Sonoma proves that it discharged Robertson for good cause.

If you find that Williams-Sonoma terminated Plaintiff's employment because of her age in violation of the ADEA, then you must also determine whether Williams-Sonoma's actions were "willful." To establish willfulness, Plaintiff must also prove that, when Williams-Sonoma terminated her employment, it either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for compliance with the ADEA.

Plaintiff also claims she was terminated because of her age in violation of the Texas Commission on Human Rights Act, or TCHRA. Williams-Sonoma denies Plaintiff's claims and contends that Plaintiff was terminated based on her performance.

It is unlawful under state law for an employer to discriminate against an employee because

4

of the employee's age.

To prove discrimination under the TCHRA, Plaintiff must prove by a preponderance of the evidence that:

    a.    She was terminated;

    b.    She was 40 years or older at the time she was terminated; and

    c.    Her age was a "motivating factor" in Williams-Sonoma's decision to terminate her employment.

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you determine that age was a motivating factor in Williams-Sonoma's decision to terminate Plaintiff, you must decide whether, by clear and convincing evidence, Williams-Sonoma engaged in the discriminatory practice with malice or with reckless indifference to the right of Plaintiff to be free from such practices. "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required. "Malice" means a specific intent by Williams-Sonoma to cause substantial injury or harm to Plaintiff.

## **DAMAGES**

If you find that Williams-Sonoma violated the ADEA or TCHRA, then you must determine whether Williams-Sonoma has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be

based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much accuracy and certainty as the circumstances permit.

Do not consider interest on any amount of damages you may find. Do not include back pay or interest in calculating compensatory damages, if any. Do not include in your answer any amount that you find Plaintiff could have avoided in the exercise of reasonable care. Answer in dollars and cents for damages, if any.

You may consider the following elements of damages and no others: back pay, compensatory damages in the past, and compensatory damages in the future.

"Back pay" is the amount of wages and employment benefits that Plaintiff would have earned if she had not been terminated in violation of the ADEA or TCHRA less any wages, unemployment compensation benefits or worker's compensation benefits she received in the interim. "Employment benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, or monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

Compensatory damages in the past include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses.

Compensatory damages in the future include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Williams-Sonoma asserts that Plaintiff failed to mitigate her damages. To prevail on this defense, Williams-Sonoma must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable

diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

If you unanimously find by clear and convincing evidence with respect to Plaintiff's claims under the TCHRA that age was a motivating factor in Williams-Sonoma's decision to terminate Plaintiff and that Williams-Sonoma engaged in the discriminatory practice with malice or with reckless indifference, you must unanimously agree on the amount of any award of exemplary damages. "Exemplary damages" means an amount that you may, in your discretion, award as a penalty or by way of punishment. Factors to consider in awarding exemplary damages, if any, are:

   a.   The nature of the wrong;

   b.   The character of the conduct involved;

   c.   The degree of culpability of Williams-Sonoma;

   d.   The situation and sensibilities of the parties concerned;

   e.   The extent to which such conduct offends a public sense of justice and propriety;

   f.   The net worth of Williams-Sonoma.

You should not interpret the fact that I have given you instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.

7

## THE VERDICT

It is your sworn duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

You may now retire to the jury room to conduct your deliberations.

**SIGNED** this 15th day of February, 2013.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**