-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERTSON, | § | CIVIL ACTION NO. 4:11-cv-04299 |
| | § | |
| *Plaintiff*, | § | **HON. VANESSA D. GILMORE** |
| | § | Judge |
| V. | § | |
| | § | Esthela Mares |
| WILLIAMS-SONOMA STORES, INC. | § | Case Manager |
| AND WILLIAMS-SONOMA, INC., | § | |
| | § | _____ |
| *Defendants*. | § | Court Reporter |
| | § | |
| | | Civil Trial |
| | | PROCEEDING |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

Plaintiff Nancy Robertson ("Plaintiff") seeks $147,820 in attorneys' fees for 381.6 hours of work her attorneys, Oberti Sullivan LLP, purportedly spent on this case. (Doc. No. 57, pp. 7-10.) Standing on its own, this dollar amount is not so great that it shocks the conscience. However, closer examination reveals that it includes "work" unrelated to this case, and that no reasonable lawyer would ever attempt to bill his client. Specifically, Plaintiff seeks to recover attorneys' fees for: (1) time spent on other proceedings, (2) an excessive amount of time spent drafting a complaint alleging only two overlapping claims, (3) an excessive amount of time spent preparing nearly a dozen duplicative affidavits (none of which impacted the jury's award), and (4) time spent on tasks that should have been performed by non-attorneys. There are also several time entries that do not make any sense. Plaintiff is clearly taking a "throw it against the wall and see what sticks approach" in the hope that Williams-Sonoma and the Court will simply gloss over these inappropriate time entries and her attorneys will recover more than what they should.

-i-

TABLE OF CONTENTS

Page

A. Legal Standard ..................................................................................................2

B. Plaintiff Should Not Be Awarded Attorneys' Fees For Work Performed In Connection With Other, Non-Essential Proceedings. .........................................3

C. Plaintiff's Counsel Spent An Unreasonable Amount Of Time Drafting The Complaint And Preparing Affidavits. .................................................................4

D. Plaintiff's Counsel Billed For Time On Tasks That Should Have Been Performed By Non-Attorneys. .............................................................................7

E. The Bill Submitted By Plaintiff's Counsel Contains Nonsensical Time Entries.................8

F. Conclusion .........................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

Cases

*ACLU v. Barnes*
  168 F.3d 423 (11th Cir. 1999) ...................................................................................3

*Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*
  2011 U.S. Dist. LEXIS 13672 (N.D. Tex. Feb. 11, 2011) .........................................6

*Hensley v. Eckerhart*
  461 U.S. 424 (1983) ..............................................................................................2, 3

*Johnson v. Georgia Highway Express, Inc.*
  488 F.2d 714 (5th Cir. 1974) ....................................................................................3

*Junaid v. McHugh*
  2013 U.S. Dist. LEXIS 10831 (S.D. Tex. Jan. 28, 2013) .........................................3

*Lane v. Capital Acquisitions & Mgmt. Co.*
  554 F. Supp. 2d 1345 (S.D. Fla. 2008) .....................................................................3

*Missouri v. Jenkins*
  491 U.S. 274 (1989) ..............................................................................................7, 8

*Southwestern Bell Tel., L.P. v. Accutel of Tex., L.P.*
  2005 U.S. Dist. LEXIS 13722 (N.D. Tex. July 11, 2005) ........................................6

*Watkins v. Fordice*
  7 F.3d 453 (5th Cir. 1993) ..........................................................................2, 3, 4, 7

*Webb v. County Bd. of Educ.*
  471 U.S. 234 (1985) ..................................................................................................4

*Zaidi v. Ehrlich*
  732 F.2d 1218 (5th Cir. 1984) ..................................................................................4

Other Authorities

Fed. R. Civ. Proc. 8 .............................................................................................................4, 6

-2-

Williams-Sonoma requests a reasonable reduction in the fee award because the fees were incurred without the slightest effort toward efficiency. In fact, excess has defined this litigation from the start. In the 14 months from filing to verdict, Mr. Oberti propounded 25 interrogatories, 225 document requests and 226 requests for admissions. In preparation for the mediation, he drafted a nine-page brief and prepared an hour-long Powerpoint presentation (which the mediator persuaded him not to present). He spent a full day at mediation posturing and proselytizing, while not making any meaningful movement from his opening settlement position. He identified 36 trial witnesses and produced 12 at trial, most of whom testified to the same three or four facts (*e.g.*, Plaintiff worked hard. Plaintiff was well liked. Plaintiff loved her job.). Finally, he spent half a day at trial subjecting the Court and the jury to hour upon hour of nearly unedited deposition testimony.

In the context of this litigation, Plaintiff's request for attorneys' fees is unreasonable. It should be reduced by a percentage appropriate to reflect the amount of excessive, redundant, and unnecessary time it represents.

**A.**     **<u>Legal Standard</u>**

In determining appropriate attorneys' fees, courts generally apply the traditional "lodestar" method. The starting point for determining a lodestar fee award is the number of hours "reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added); *see also Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) ("parties may recover only that time reasonably expended on the litigation") (internal quotation marks omitted). In other words, fee applicants must exercise "billing judgment." *Hensley*, 461 U.S. at 434 (emphasis added). Charges for duplicative, excessive, or inadequately documented work should be excluded. *Watkins*, 7 F.3d at 457. In addition, "[u]nder Fifth Circuit precedent, purely

clerical or secretarial tasks and travel time may not be billed at an attorney's full hourly rate." *Junaid v. McHugh*, 2013 U.S. Dist. LEXIS 10831, *3 (S.D. Tex. Jan. 28, 2013). The lodestar amount is calculated by multiplying the reasonable number of hours by the reasonable hourly rate. The party applying for the award bears the burden of proving that the hours are reasonable. *Hensley*, 461 U.S. at 437.

The Court may, in its discretion, adjust the lodestar up or down. Plaintiff concedes an *upward* adjustment of the lodestar would be inappropriate. (Doc. No. 57, pp. 12-13.) In fact, a *downward* adjustment is warranted because in many instances the hours claimed clearly exceed the reasonable amount of "time required to complete [such] activities." *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, 554 F. Supp. 2d 1345, 1350 (S.D. Fla. 2008) ("A downward adjustment of the lodestar may be required not only when there are 'excessive, redundant, or otherwise unnecessary' hours, but also when the party being awarded fees ... spent time on ... unrelated claims." (citing *Hensley*, 461 U.S. at 434, 436)). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

**B.    Plaintiff Should Not Be Awarded Attorneys' Fees For Work Performed In Connection With Other, Non-Essential Proceedings.**

Plaintiff seeks to recover approximately $1,650 in fees for work her attorneys performed in connection with an unemployment compensation hearing before the Texas Workforce Commission ("TWC"). (Doc. No. 57-4, p. 6.) These fees are clearly not recoverable. Time spent preparing for and attending a non-essential administrative hearing is not "time reasonably expended on the litigation." *See Watkins*, 7 F.3d at 458. It had no bearing on the

outcome of the case, and the Court should disallow fees incurred in connection with it. *See Webb v. County Bd. of Educ.*, 471 U.S. 234, 244 (1985) (affirming district court's denial of fees for "time spent pursuing optional administrative remedies"); *Watkins*, 7 F.3d at 458 (refusing to award attorneys' fees for time spent on matters outside the litigation).

C.  **Plaintiff's Counsel Spent An Unreasonable Amount Of Time Drafting The Complaint And Preparing Affidavits.**

Mark Oberti spent approximately 25 hours preparing a "40+ page complaint," and another seven hours obtaining affidavits from nine individuals, including several who did not testify at trial. (Doc. No. 57-4, pp. 5-7.) Most of this time was unnecessary and the fees it generated are not recoverable.

Legal writing must be "clear, concise, and direct" so that courts may "separate[e] the wheat from the voluminous chaff." *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984). Indeed, this proposition is so fundamental that the Federal Rules require it: "Each allegation must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). This Court, too, demands brevity: "The Court requires concise, pertinent, and well-organized briefs and memoranda of law." (Doc. No. 2-1, p. 4 (Judge Gilmore's Procedures, Rule 4G).)

Plaintiff's 45-page complaint (with 33 pages of exhibits) is neither clear, nor concise, nor well-organized. It asserts just two claims: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and (2) age discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"). Both claims are based on the same set of facts. Plaintiff admits there is nothing particularly "novel or difficult" about her claims. (Doc. No. 57, p. 12.) Yet Mr. Oberti spent 25 hours, or $10,000, on a first pleading packed with irrelevant and redundant allegations, hyperbole and castigations. As just one example, the complaint contains the following seven averments:

- "In 2010, the Town and Country Pottery Barn store was having its best year ever" (Doc. No. 1, ¶ 4);

- "the Town and Country Pottery Barn store was one of the top performing Pottery Barn stores in the entire country in 2009 and 2010" (*id.* at ¶ 13);

- "In fiscal year 2009 the Town and Country Pottery Barn store was ranked by Williams-Sonoma as one of the top performing Pottery Barn stores in the United States of America" (*id.* at ¶ 29);

- "by Williams-Sonoma's own standards, the Town and Country Pottery Barn store had a great year in 2009" (*id.* at ¶ 34);

- "[In 2010,] the Town and Country Pottery Barn store was having its best year ever. It was one of the top performing Pottery Barn stores in the entire country" (*id.* at ¶ 45 (internal citations omitted));

- "the Town and Country store's performance in fiscal year 2010 (which runs from February to January of each year) was fantastic. Indeed, in fiscal year 2010, the Town and Country Pottery Barn store had its best year ever" (*id.* at ¶ 62); and

- "in fiscal year 2010 the Town and Country Pottery Barn store was ranked by Williams-Sonoma as one of the top performing Pottery Barn stores in the United States of America" (*id.* at ¶ 63).

A sentence or two would have made the point without sacrificing advocacy. The complaint also quotes extensively from the nine attached affidavits – including pages of block quotes. (*See, e.g.,* Doc. No. 1, ¶¶ 8-12, 77-82, 84, 87, 89.) Finally, the complaint cites a variety of

inadmissible materials, including post-termination attorney communications (*id.* at ¶¶ 6, 9, 64, 67, 70-74, 83, 85, 90, 113) and TWC findings and submissions (*id.* at ¶¶ 5, 94, 98, 121).

This is hardly the sort of "short and plain statement" Rule 8 requires. The complaint should have taken no more than 10 hours to prepare. A more concise statement of facts and claims would not have impacted the verdict, because the jury never saw the complaint. In this context, Mr. Oberti's time was clearly excessive. He should not be rewarded for such excess. *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 U.S. Dist. LEXIS 13672, *31 (N.D. Tex. Feb. 11, 2011) (finding that 25.25 hours drafting a complaint is "excessive" and reducing fee award accordingly); *see also Southwestern Bell Tel., L.P. v. Accutel of Tex., L.P.*, 2005 U.S. Dist. LEXIS 13722, *11-*13 (N.D. Tex. July 11, 2005) (reducing attorneys' fee award because "an excessive amount of time was spent ... drafting and conducting legal research"). Williams-Sonoma asks the Court to reduce this portion of the fee award by at least $6,800 (*i.e.*, 17 hours at $400 per hour).

Mr. Oberti spent another seven hours preparing affidavits that were almost wholly unnecessary. For one thing, they contain redundant, inadmissible testimony. (*See, e.g.*, Doc. No. 1-5, ¶ 8 ("[Plaintiff] gave Pottery Barn her all"); Doc. No. 1-6, ¶ 6 ("It seemed to me like [Plaintiff] cared a lot about Pottery Barn and making the store successful"); Doc. No. 1-8, ¶ 11 ("When you thought of Pottery Barn at Town and Country Mall, you thought of Nancy Robertson").) In addition, several affidavits contained testimony that was never used at trial. Specifically, the time spent preparing the affidavits of Jackie Brader, Carol Kochanski, and Harleigh Jones (Doc. No. 57-4, pp. 5-6), none of whom testified at trial, had no impact on the outcome of the case. Plaintiff's award should, therefore, be reduced by an additional $2,000 (5 hours at $400 per hour).

For these reasons, Williams-Sonoma asks the Court to reduce Plaintiff's attorneys' fee award by at least $8,800 to reflect the fact that Plaintiff's attorneys spent an excessive amount of time on the tasks discussed above. *Watkins*, 7 F.3d at 458 (affirming district court's reduction of fees where certain time was "excessive or duplicative").

### D. Plaintiff's Counsel Billed For Time On Tasks That Should Have Been Performed By Non-Attorneys.

In the days leading up to trial, Plaintiff's counsel spent significant time on tasks that could have been performed by non-attorneys. On February 1, 2013, Mr. Oberti spent an hour "visit[ing] [the] courtroom to review available technology for use during trial." (Doc. No. 57-4, p. 11.) On February 7, 2013, he spent approximately six hours "tak[ing] [Plaintiff] to the courthouse to see where the trial will take place." (*Id.*) On February 11, 2013, Matthew Yezierski spent an hour "travel[ing] to [the] courthouse to assist in courtroom set up...." (*Id.*)

These tasks are not "legal work" in any sense of the term, and any recovery for them should be reduced to a rate reflective of the non-legal nature of the work. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, ... and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."); *Trahan*, 2011 U.S. Dist. LEXIS 84701 at *14-16 (reducing attorneys' fee award by amount spent on matters that were "administrative in nature"). Plaintiff's motion represents that a rate of $175 per hour is reasonable for the junior lawyer on the case. Therefore, an hourly rate of $100 for the non-legal work is appropriate, and the award should be reduced by another $2,100.

### E. The Bill Submitted By Plaintiff's Counsel Contains Nonsensical Time Entries.

Plaintiff also seeks to charge Williams-Sonoma for tasks that do not make any sense in the context of this case. For example, the bill indicates that on May 30, 2012, Mr. Oberti spent 5 hours "[r]eview[ing] expert reports and prepar[ing] deposition outlines for depositions [the following] week." (Doc. No. 57-4, p. 8.) But no experts were retained, and no depositions were taken before July 2012. (*Id.*)

Similarly, the bill indicates on November 2, 2012, Mr. Yezierski spent .8 hours "[r]eview[ing] Plaintiff's proposed jury charge." (Doc. No. 57-4, p. 9.) However, a review of the bill makes clear that "Plaintiff's proposed jury charge" had not been drafted at that point. The parties' joint proposed jury charge was not filed until January 21, 2013. (Doc. No. 32-7.) In addition, the bill indicates that on February 7, 2013, Mr. Yezierski spent 2 hours "review[ing] designations and deposition excerpts in preparation for trial." (Doc. No. 57-4, p. 11.) But Mr. Yezierski did not appear at trial. It is, therefore, unclear what purpose his purported "preparation" served.

Williams-Sonoma requests that the Court reduce the fee award by at least another $2,500, representing time that is, at best, unreasonable under the circumstances.

### F. Conclusion

The Court may, in its discretion, reduce any attorneys' fee request by whatever amount it deems appropriate. Here, the number of irregularities in the bills Plaintiff submitted warrants such a reduction. Williams-Sonoma respectfully submits that Plaintiff's fee request should be reduced by 15 to 20 percent to reflect such irregularities.

-9-

                        Respectfully submitted,

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   <u>s/ Tracey A. Kennedy</u>
       Tracey A. Kennedy
       Texas USDC No. 1609572
       333 South Hope Street, 43rd Floor
       Los Angeles, CA  90071-1422
       Telephone: (213) 617-1780
       Facsimile: (213) 620-1398
       Email: tkennedy@sheppardmullin.com

       ATTORNEY-IN-CHARGE FOR
       DEFENDANTS,
       WILLIAMS-SONOMA, INC. AND
       WILLIAMS-SONOMA STORES, INC.

OF COUNSEL:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: (213) 617-1780
Facsimile: (213) 620-1398
ATTORNEYS FOR DEFENDANTS,
WILLIAMS-SONOMA, INC. AND
WILLIAMS-SONOMA STORES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Southern District of Texas ECF method on the 6th day of March 2013.

| | |
|---|---|
| Mark J. Oberti<br>Oberti Sullivan LLP<br>723 Main Street, Suite 340<br>Houston, TX 77002<br>(713) 401-3555 – Telephone<br>(713) 401-3547 – Facsimile<br>Email: mark@osattorneys.com | Attorneys for Plaintiff,<br>Nancy Robertson |
| Christopher Lynn Ashby<br>Ashby LLP<br>1010 Lamar Street, Suite 1200<br>Houston, TX 77002<br>(713) 739-1100 – Telephone<br>(713) 739-1101 – Facsimile<br>Email: kit.ashby@ashby-llp.com | Attorneys for Defendants,<br>Williams-Sonoma, Inc.<br>Williams-Sonoma Stores, Inc. |

s/ Tracey A. Kennedy
Tracey A. Kennedy