IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY ROBERTSON, | § | CIVIL ACTION NO. 4:11-cv-04299 |
| | § | |
| *Plaintiff*, | § | **HON. VANESSA D. GILMORE** |
| | § | Judge |
| V. | § | |
| | § | Esthela Mares |
| WILLIAMS-SONOMA STORES, INC. | § | Case Manager |
| AND WILLIAMS-SONOMA, INC., | § | |
| | § | _____ |
| *Defendants*. | § | Court Reporter |
| | § | |
| | | Civil Trial |
| | | PROCEEDING |

# DEFENDANTS' FURTHER RESPONSE TO PLAINTIFF'S REQUEST FOR FRONT PAY

Ms. Robertson's request for five years of front pay, more than double her back pay award, is extraordinary.  (Doc. No. 57, pp. 3-7.)  It is extraordinary because (1) Plaintiff is 65 years old and did not present any evidence at trial about working past the customary retirement age, and (2) there is absolutely no evidence in the record that Plaintiff is unlikely to find a job in the next five years.  (Doc. No. 58, pp. 10-13.)  Yet, without the slightest concern for her lack of competent evidence, she casually suggests that evidence is not necessary because front pay is an equitable issue for the court to decide.  (Doc. No. 59, p. 19-21.)  She cites a twenty-year-old Seventh Circuit case to support her claim that evidence is unnecessary.  But even that court based the front pay award on expert trial testimony.

Front pay awards should be based on evidence adduced at trial.  Plaintiff did not produce evidence that she will not be able to find a job tomorrow, much less for the next five years.  She speculates that "it is difficult, if not impossible, for a 65-year-old woman to be hired … into a retail managerial position" (Doc. No. 59, p. 21), and she quotes a man who wrote a

book about the aging workforce.  That is not evidence.  Plaintiff's front pay request should be denied.

At a minimum, any front pay award must be discounted to present value.  *See Sellers v. Delgado College*, 781 F.2d 503, 505 (5th Cir. 1986) ("Front pay … is an award equal to the estimated **present value** of lost earnings that are reasonably likely to occur between the date of judgment and the time when the employee can assume his new position.") (emphasis added, internal quotation marks removed).  An award for future damages that is not discounted to present value would represent a windfall.

A. **A Plaintiff Seeking A Front Pay Award Must Proffer Evidence Supporting Such An Award At Trial, Not After.**

Williams-Sonoma does not dispute that front pay is an "equitable issue left to the discretion of the Court."  *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 890 (S.D. Tex. 2009).  But any award, whether conferred by judge or jury, must be supported by evidence.  Indeed, every front pay determination cited in Plaintiff's and Williams-Sonoma's briefs was based on evidence adduced at trial.  *See, e.g., Tex. Youth Comm'n v. Koustoubardis*, 378 S.W.3d 497, 502-03 (2012) (front pay award based on expert trial testimony regarding "damages for future lost wages and benefits"); *West Telemarketing Corp. Outbound v. McClure*, 225 S.W.3d 658, 668-69 (2006) (front pay award based on trial testimony indicating that plaintiff "intended to continue working for [defendant] until her retirement…."); *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 45 (1998) (front pay award based on expert trial testimony regarding "future earnings and benefits," as well as the plaintiff's psychological state).  Requiring at least some evidentiary showing at trial makes sense.  The party opposing the award must have an opportunity to object to evidence and cross-examine witnesses.  To conclude otherwise undermines the search for truth so fundamental to our system of jurisprudence.  *See Brackin v.*

*International Paper*, 2012 U.S. Dist. LEXIS 145700, *36 (N.D. Ala. Oct. 9, 2012) (describing cross-examination as "the greatest engine for the discovery of truth ever devised by the minds of men").

None of Plaintiff's cases involved a front pay award based solely on post-trial evidence. In *Downes v. Volkswagen of Am.*, 41 F.3d 1132 (7th Cir. 1994), the Seventh Circuit suggested courts may **consider** post-trial evidence to determine an appropriate front pay award, but the trial court did not do so. Rather, it "based its front pay calculation on estimates derived by one of [the plaintiff's] experts at trial…." *Downes*, 41 F.3d at 1142. Those estimates were based on facts, not guesswork. *Id*.; *see also Miles-Hickman*, 613 F. Supp. 2d at 889-91 (refusing to award front pay because the plaintiff "did not present any evidence [at trial] to show it was more likely true than not that she would have been employed by [the defendant]" post-judgment); *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 819 (W.D. Tex. 2006) (reducing front pay award because evidence at trial showed that the plaintiff found new employment). The alternative would be inherently unfair and unworkable.

Plaintiff ignored the front pay issue at trial. She should not be rewarded for the omission. Williams-Sonoma, therefore, asks the Court to ignore her self-serving proclamation that she planned to work "until age 100" unless she presents real evidence and allows the Company to rebut the evidence and cross-examine her.

B. **Even If The Court Considers Post-Trial Evidence, There Is Nothing In The Record Indicating That Plaintiff Will Have Difficulty Finding Employment In The Future.**

Plaintiff could have retained an expert to testify about the Houston area job market and employment prospects for persons in her demographic. Indeed, that is how plaintiffs typically present the issue. *See, e.g., Wal-Mart Stores v. Davis*, 979 S.W.2d at 45 (expert testimony by economist and psychologist). Plaintiff chose not to do so here. Instead, she offers

up "evidence" in her post-trial brief that is not evidence at all. Peter Cappelli's comments in an interview to promote his new book have no probative value here. (Doc. No. 57, pp. 7-8.) He was interviewed more than a year before this lawsuit was filed, and did not express any opinions regarding the Houston job market, much less Plaintiff and her future job prospects.

Plaintiff has failed to produce evidence, whether at trial or after, that she will be unable to find new employment for any length of time. A front pay award in this case would be supported by nothing more compelling than speculation and guesswork. It is, therefore, inappropriate.

**C.     Conclusion**

Plaintiff's front pay request should be denied in its entirety. At a minimum, it should be discounted to present value and strictly limited based on the evidence in the record. (*See* Doc. No. 58, p. 12-13.)

> Respectfully submitted,
>
> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>
> By:     s/ Tracey A. Kennedy
> Tracey A. Kennedy
> Texas USDC No. 1609572
> 333 South Hope Street, 43rd Floor
> Los Angeles, CA  90071-1422
> Telephone: (213) 617-1780
> Facsimile: (213) 620-1398
> Email: tkennedy@sheppardmullin.com
>
> ATTORNEY-IN-CHARGE FOR DEFENDANTS, WILLIAMS-SONOMA, INC. AND WILLIAMS-SONOMA STORES, INC.

OF COUNSEL:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: (213) 617-1780
Facsimile: (213) 620-1398
ATTORNEYS FOR DEFENDANTS,
WILLIAMS-SONOMA, INC. AND
WILLIAMS-SONOMA STORES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Southern District of Texas ECF method on the 13th day of March 2013.

| | |
|---|---|
| Mark J. Oberti<br>Oberti Sullivan LLP<br>723 Main Street, Suite 340<br>Houston, TX 77002<br>(713) 401-3555 – Telephone<br>(713) 401-3547 – Facsimile<br>Email: mark@osattorneys.com | Attorneys for Plaintiff,<br>Nancy Robertson |
| Christopher Lynn Ashby<br>Ashby LLP<br>1010 Lamar Street, Suite 1200<br>Houston, TX 77002<br>(713) 739-1100 – Telephone<br>(713) 739-1101 – Facsimile<br>Email: kit.ashby@ashby-llp.com | Attorneys for Defendants,<br>Williams-Sonoma, Inc.<br>Williams-Sonoma Stores, Inc. |

      s/ Tracey A. Kennedy
      Tracey A. Kennedy